

FIRST DEPARTMENT, OCTOBER, 1968

(October 1, 1968)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES SMILEY, Appellant.— Decision is recalled and the order of this court entered on September 19, 1968 [30 A D 2d 935] is vacated. This appeal is to be placed on the calendar for the November 1968 Term of this court. Concur — Stevens, J. P., Eager, Capozzoli, McGivern and Rabin, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, ex rel. JAMES SMILEY, Appellant, v. WARDEN, MANHATTAN HOUSE OF DETENTION FOR MEN, Respondent.— Decision is recalled and the order of this court entered on September 19, 1968 [30 A D 2d 936] is vacated. The appeals are to be placed on the calendar for the November 1968 Term of this court. Concur — Stevens, J. P., Eager, Capozzoli, McGivern and Rabin, JJ.

LUCINDA JENKINS et al., Respondents, v. 312 WEST 121ST STREET INCORPORATED, Appellant.— Order entered April 1, 1968 unanimously modified on the law and the facts, and in the exercise of discretion, to the extent that a physical examination of the plaintiff Lucinda Jenkins be permitted and a full examination with respect to all injuries and special damages flowing therefrom be allowed, and except as so modified affirmed, without costs and without disbursements. In view of the wide disparity between the original bill and the later amended bill, a full and complete examination as to the nature and extent of the plaintiff's injury not restricted to the additional matters set forth in plaintiff's amended and supplemental bill of particulars, filed on the eve of trial, is warranted. However, the defendant's lack of vigilance precludes an examination as to the facts and circumstances of the accident. The defendant abstained from pressing for such an examination on two prior opportunities, the filing of the original bill April 6, 1965 and the filing of the readiness statement on July 8, 1965. Consonant with our previously expressed views, defendant cannot now so examine. (*Pioneer Jewelry Corp.* v. *All Continent Corp.*, 24 A D 2d 436; *Woznicki* v. *Lynn Terrace Apts.*, 22 A D 2d 883; *Liberty Dressing Co.* v. *Foster Sportswear Co.*, 14 A D 2d 196.) Concur — Botein, P. J., Stevens, Eager, Tilzer and McGivern, JJ.

MOLLIE G. CANTER, Respondent, v. FEDERATED DEPARTMENT STORES, INC., Appellant.— Order entered May 10, 1967 denying defendant's motion for summary judgment unanimously reversed, on the law, with $50 costs and disbursements to appellant, and motion granted. Plaintiff's claim that " repre-